Davis, J.,
delivered the opinion of the court:
The claimant, a lieutenant-commander in the Navy, on duty as executive officer of the Brooklyn, in the port of Rio Janeiro, was directed by the Secretary of the Navy to regard himself as detached when the U. S. S. Marion, then under orders, to return to the United States, should be ready to leave, and to report to the rear-admiral in command of the station for passage home in that vessel.
After this order had been issued the rear-admiral requested by telegraph that the Marion be allowed to remain temporarily upon the station. This request was granted, and the result of the different orders was that when claimant’s relief reported for duty upon the Brooklyn, the Marion was at Montevideo, over 1,000 mile’s south of Rio, with her stay in the South Atlantic undetermined.
Nevertheless the rear-admiral in command, formally and in writing, ordered the claimant to proceed without delay to Montevideo, there to report to the commander of the Marion for passage home in that vessel. So far all was in accord with direction of the Secretary of the Navy.
In the face of these explicit orders the claimant returned in a manner not contemplated by them, presumably in a merchant vessel, relying upon a permission to that effect given by the rear-admiral subsequent to the orderdirecting him to report on board the Marion. This permission is not claimed to have been ratified by the Secretary of the Navy, and even if it had been it is difficult to see how it can help this case, for it was coupled with the condition that claimant should bear his own expense.
Whatever may have been the personal understanding with the rear-admiral, the claimant technically disobeyed orders, and while the exercise of his discretion may have been a wise one — as it avoided a journey 1,000 miles to the south to join a *7 ship which, after an undefined delay, was ultimately to take him to the United States — the fact that the admiral did hot give him orders to that effect, or even an unconditional permission, coupled with the lack of subsequent ratification by the Secretary of the Navy, tends to show that his course was dictated rather by personal convenience than by the needs of the service. It is not improbable that the orders of the Navy Department were intended as a measure of economy to save the Government the very expense sought to be recovered in this action; be that as it may, the claimant did not return as officially directed, his action has not been ratified or approved, and the informal permission, especially in the form given, does not alter the legal situation.
The caséis not like Barker's Case (19 C. Cls. R., 291), for there the commodore had no alternative but to send the men home, and they had no alternative but to come, and while the transaction took the form of request on the one part and permission on the other it was in effect an order which was afterwards promptly approved by the Secretary of the Navy. The case of Perrimond (19 C. Cls. R.. 510) has greater similarity to the one at bar, and in this case as in that we are of opinion that the claimant’s journey was not upon public business. The petition is therefore dismissed.